UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE PACE,

                      Petitioner,
  v.
                                                                      9:22-CV-0742
                                                                      (GTS)
MILLER,

                      Respondent.
_____

APPEARANCES:                                          OF COUNSEL:

WILLIE PACE
19-A-2122
Petitioner, pro se
Great Meadow Correctional Facility
P.O. Box 50
Comstock, NY 12821

GLENN T. SUDDABY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Willie Pace seeks habeas relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").[1]  On July 13, 2022, this action was administratively closed due to petitioner's failure to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application.  Dkt. No. 4, Order.  Petitioner timely remitted the statutory filing fee and the action was reopened.  Dkt. Entry dated 07/28/22 (memorializing receipt information for the filing fee transaction); Dkt. No. 5, Text Order Reopening Case.

---

[1] This action was originally commenced in the Eastern District of New York on April 20, 2022; however, on July 8, 2022, the case was transferred to this Court.  Dkt. No. 2, Transfer Order; Dkt. No. 3.

For the reasons which follow, petitioner shall have thirty (30) days to either file proof of commencement of his collateral state court motion or voluntarily withdraw his plainly unexhausted claim from his petition. Failure to engage in either action will result in the petition being dismissed without prejudice as unexhausted.

## II.   THE PETITION

Petitioner challenges a 2019 conviction from Ulster County, pursuant to a guilty plea, for second degree criminal possession of a weapon. Pet. at 1-2; *see also People v. Pace*, 192 A.D.3d 1274, 1274 (3rd Dep't 2021).[2] The New York State Supreme Court, Appellate Division, Third Department, affirmed his conviction on direct appeal, and, on July 8, 2021, the New York Court of Appeals denied his application for leave to appeal. *Pace,* 192 A.D.3d at 1275, *lv. denied*, 37 N.Y.3d 973 (2021); *accord* Pet. at 2-3.

Petitioner contends that he is entitled to habeas relief because (1) he was subjected to a warrantless search and seizure, Pet. at 5-6; (2) his counsel was constitutionally ineffective, *id.* at 6-8; (3) he is actually innocent, as proven by the lack of his DNA on the weapon, *id.* at 8-9; and (4) he was the victim of a "pretextual stop," *id.* at 9-10. For a more complete statement of petitioner's claims, reference is made to the petition.

## III.   DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

---

[2] Citations to the petition and exhibits refer to the pagination generated by CM/ECF, the Court's electronic filing system.

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner plainly states that his third claim has not been exhausted. Pet. at 8 (indicating "No" when asked whether "all grounds for relief . . . ha[d] . . . been presented to the highest state court having jurisdiction.").[3] Further, petitioner explains that he could not previously exhaust the claim because he was unaware of its existence, only "just f[inding] out [that t]here was [a] lab test prior to trial" which was not disclosed to him or placed on the record. *Id.* Inconsistent with the statutory prerequisite, petitioner does not indicate that there are any collateral attacks pending which challenge this claim or that he intends on initiating any. Pet. at 8-9; *O'Sullivan*, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to

---

[3] The Court makes no decisions on whether petitioner's other three claims were properly exhausted, it merely notes that the third claim is, per petitioner's own admission, clearly unexhausted.

3

protect petitioner's rights (*e.g.* where further pursuit would be futile).  28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  Petitioner has state court remedies available to him and there is no reason to think he does not know how to pursue them.  Therefore, it is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

Accordingly, if petitioner wishes to move forward with all of the claims presently included in his petition, he may not do so until he has properly exhausted them.  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); *O'Sullivan*, 526 U.S. at 845.  While petitioner's papers do not reflect his awareness that his petition was filed prematurely, as a sort of protective filing, the Court will construe it as such.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies.  *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).  This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless."  *Id.* at 277.  While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019)

(internal citations omitted).

Petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal or collateral attack. Further, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Where petitioner had deficiencies in his past filings, he has complied with the Court's direction and effectively corrected them to allow his case to progress. Thus, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Accordingly, if petitioner wishes to continue with all four claims in his petition, he must file a collateral state court proceeding to exhaust the third claim. Upon the commencement of a parallel state court proceeding, the Court would then reevaluate the need for a stay mainly because, as the Supreme Court has stated, in dicta, "a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)).

Petitioner could also choose to move forward with his petition by voluntarily withdrawing his third – admittedly unexhausted – claim and pursuing only his arguably exhausted claims. *Zarvela*, 254 F.3d at 382. However, because petitioner seeks relief

pursuant to section 2254, any potential claims are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b). Petitioners are generally permitted to only file one section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b). Because of these restrictions, if petitioner chooses to voluntarily withdraw the third claim and move forward with his petition, he may be forever losing the ability to bring his third claim in federal court.

In sum, there are deficiencies with the petition and it is unclear to the Court how petitioner would prefer to proceed. Accordingly, petitioner shall have thirty (30) days to either (1) file proof of commencement of a collateral state court proceeding addressing his third, unexhausted, claim or (2) voluntarily withdraw the third claim and proceed with the remaining claims. If petitioner chooses to do nothing, the Court will dismiss the petition without prejudice because it is unexhausted. *Rhines*, 544 U.S. at 275-76. If petitioner allows this to happen, he is warned that he would be coming close to the expiration of the statue of limitations. This would be relevant if, in the future after the termination of the statute of limitations, petitioner attempted to re-file his claims because petitions filed after the expiration of the statute of limitations are generally barred.[4]

---

[4] The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that, within thirty (30) days of the filing date of this Decision and Order, petitioner must either (1) file proof of commencement of a state court action regarding petitioner's plainly unexhausted third claim or (2) seek voluntary dismissal of the third claim; and it is further

**ORDERED** that upon such filing, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED** that if petitioner fails to take any action, the Court shall dismiss the petition without prejudice as unexhausted; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: August 26, 2022
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.

    The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals eventually denied petitioner's application for leave to appeal on July 8, 2021. *Pace,* 192 A.D.3d at 1275, *lv. denied*, 37 N.Y.3d 973; *accord* Pet. at 2-3. Petitioner's conviction was due to become final ninety days later, on October 6, 2021. *Thaler*, 565 U.S. at 148-49. Petitioner, therefore, has until October 6, 2022, before the limitations period expires.

    Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner claims that he recently discovered the new information he claims supports his actual innocence claim; however, he failed to provide any additional information about when or how that occurred. Depending on the answer to those questions, it is possible that petitioner's statutory limitations period could have began running later than October 6, 2021.